UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OSCAR FRUTO,<br><br>                    Plaintiff,<br><br>          v.<br><br>GRAYS HARBOR PUBLIC UTILITY<br>DISTRICT NO. 1, a Washington Municipal<br>Corporation; DENNIS WALDRON, an<br>individual,<br>                    Defendants. | Case No. C:07-05584 RBL<br><br>ORDER GRANTING IN PART<br>DEFENDANT WALDRON'S MOTION<br>FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

This matter comes before the Court on Defendant Dennis Waldron's Motion for Summary Judgment. [Dkt. # 33.]  For the reasons explained below, the Motion is GRANTED in part and DENIED in part.

## II.    BACKGROUND

Plaintiff Oscar Fruto is a citizen of California. [Complaint Dkt. # 1.] Fruto owns a parcel of undeveloped property in Grays Harbor, Washington.  Defendant Dennis Waldron, an Oregon resident, owns an adjacent parcel of land.  *Id.*  A forest road used without an easement by Rayonier Timber Company runs through Fruto's property, near the boundary with Waldron's property. [Dkt. # 32.]

In summer 2005, Waldron proposed to run electrical lines through Fruto's land, but Fruto refused. [Dkt. # 32.]  Fruto claims that while he was out of town in September, 2006, Waldron and Grays Harbor Public Utility District No. 1 (PUD) intentionally entered onto his property without permission and dug a

450-foot trench while simultaneously widening the forest road, though Defendants submit evidence that Waldron alone dug the trench. [Complaint Dkt. # 1.; Decl. of Killebrew Dkt. # 29 ¶ 2-3.] Fruto also claims that Defendants installed a new electrical utility box, electric pole, and electrical cables on his property with full knowledge of the property line. *Id*. Waldron admits to the entry and digging on Fruto's property, but claims it was accidental, and that he caused no damage. He apparently offered to allow Fruto to use the power installation. [Dkt. # 33.]

Fruto refused this offer. He claims that Defendants' actions removed 36 trees and hundreds of bushes from his property, widened the forest road, and left an unsightly mound where the trench was dug. [Complaint Dkt. # 1.] Fruto filed a Customer Damage Claim Form and PUD removed all electrical installations on September 28, 2006. *Id*. Defendants argue that Waldron then refilled the trench. [Decl. of Killebrew Dkt. # 29 ¶ 2-3.] Fruto claims that he did not authorize the removal of the electrical equipment and that non-party Grays Harbor County has since retaliated against him[1] for his complaint. [*Id*.; Dkt. # 16.]

On October 22, 2007 Fruto filed this suit against Waldron and PUD for trespass and 42 U.S.C. § 1983 violations resulting from an unlawful taking of his property. [Complaint Dkt. # 1.] Fruto asserts federal jurisdiction under federal question, supplemental, and diversity jurisdiction. *Id*. Waldron admits to entering Fruto's property, but denies that his actions caused any damages. [Dkt. # 14.]

On February 11, 2008 Plaintiff's attorney, Matthew Metz, was permitted to withdraw. [Dkt. # 15.] On March 14, 2008, Fruto wrote a letter to the Court stating that he would be pursuing the suit pro se. [Dkt. # 16.]

On October 20, 2008, PUD moved for summary judgment on Plaintiff's claims, arguing that there is no basis for recovery under 42 U.S.C. § 1983, that Plaintiff's takings claim is not ripe, and that Fruto suffered no substantial damages. [Dkt. # 28.] This Motion is addressed in a separate Order.

On December 2, 2008, Defendant Waldron filed a motion for summary judgment also arguing that Fruto's takings claim in unripe and that Fruto suffered substantial damages from the trespasses, as a matter of law. [Dkt. # 33.] Fruto has not responded to Waldron's motion.

---

[1]The County itself is not a defendant, and these allegations do not support any cause of action in this case.

# III. STANDARD OF REVIEW

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to summary judgment if, after satisfying its initial burden, the non-moving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable finder of fact could return a decision in the nonmoving party's favor. *Triton Energy*, 68 F.3d at 1220.

# IV. DISCUSSION

## 1. 42 U.S.C. § 1983 Takings Claim

Fruto claims that PUD unlawfully granted Defendant Waldron a permit for the permanent use of Fruto's land without paying compensation. [Complaint Dkt. #1; Dkt. # 32.] Waldron argues that Fruto's takings claim is not ripe, and even if it were, 42 U.S.C. § 1983 does not apply to individuals. [Dkt. # 33.]

The U.S. Supreme Court has concluded that "there are two requirements for ripeness of a [takings claim: (1) that there has been a final decision by the state regarding the property at issue; and (2) the plaintiff has attempted to obtain just compensation for the property in state court." *Eggleston v. Pierce County, Washington*, 99 F.Supp.2d 1280, 1282 (W.D. Wash. 2000) (quoting *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)). State remedies must therefore be exhausted before any attempt to obtain a remedy in federal court. *Id.*[2]

Additionally, the required elements of a takings claim are (1) a person has deprived the plaintiff of a

---

[2]*See also Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir.1989) ("[A] suit under 42 U.S.C. § 1983 is inappropriate until a final decision of the state in an inverse condemnation action is entered against the plaintiffs. Indeed, on the federal level, the 'availability of a state inverse condemnation action, absent a showing that such action is inadequate to protect constitutional rights, is sufficient to satisfy the mandates of the Fifth Amendment' ")

federal constitutional or statutory right, and (2) that person acted under color of state law. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

There is no evidence that Fruto has sought any state court remedies, and no state judgment has been entered. As Fruto has not met the *Williamson* requirements for his takings claim, it is unripe. Additionally, and in any event, Waldron is private citizen, and there is no evidence showing that he acted under color of state law. He therefore cannot be held liable under 42 U.S.C. § 1983. Waldron's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claim is GRANTED, and that claim is DISMISSED.

**2.      Common Law Trespass**

Fruto claims that PUD and Waldron unlawfully entered onto his property, dug a 450 foot trench, and removed valuable trees causing damages totaling $100,000. [Complaint Dkt. # 1.] Waldron argues that Fruto's common law trespass claim should be dismissed because he cannot show any substantial damages. [Dkt. # 30.]

Common law trespass occurs when a party wrongfully enters or interferes with the property of another. *Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 586-89, 864 P.2d 1173 (1998). To survive summary judgment on a claim of trespass a plaintiff must show that he has suffered "actual and substantial damages." *Bradley v. American Smelting & Refining Col.*, 104 Wn.2d 677, 692, 709 P.2d 782 (1985). A plaintiff may not recover nominal damages in an action for trespass. *Hedlund v. White*, 67 Wn. App. 409, n.3, 836 P.2d 250 (1992).

Waldron admits that he entered onto Fruto's property without permission. Waldron additionally admits that he hired a contractor to dig the trench on Fruto's property. [Decl. of Waldron Dkt. # 35.] Photographs and testimony submitted by Waldron support his claim that the electrical utility box was not installed on Fruto's property. [Decl. of Waldron Dkt. # 35 Ex. 14.] Waldron does not dispute, however, that he dug and later filled in the trench on Fruto's property. *Id.*

Waldron argues that these actions caused only nominal damages to Fruto, but Fruto has submitted evidence that Waldron's actions damaged his property. [Dkt. # 32.] The photographs submitted by Waldron demonstrate the area of the dispute, but do not show the state of the property prior to the electrical installations. [Decl. of Waldron Dkt. # 35 Exs. 1-14.] The Court cannot say as a matter of law

that Waldron's trespass caused only nominal damages.  Defendant Waldron's motion for summary judgment on Plaintiff's common law trespass claim is therefore DENIED.

**3.      Timber Trespass**

Fruto claims that Waldron entered onto his property and removed numerous valuable trees and bushes. [Complaint Dkt. # 1; Dkt. # 32.] Waldron argues that no trees or bushes were removed from the area where he dug the trench, and even if any were, Fruto cannot show substantial damages. [Dkt. # 33.]

A timber trespass occurs when a party "cut[s] down, girdle[s] or otherwise injure[s], or carr[ies] off any tree, timber or shrub on the land of another person...without lawful authority." R.C.W. 64.12.030.  As above, a Plaintiff must show that he suffered actual, non-nominal, damages to survive summary judgment. *Bradley*, 104 Wn.2d at 692; *Hedlund*, 67 Wn. App. at n.3.

Fruto has submitted evidence that thirty-six trees and hundreds of bushes were removed from his property by the combined actions of the Defendants. [Dkt. # 32.]   Waldron admits to entering Fruto's property and digging a trench, but denies that any tress or bushes were removed. [Dkt. # 33.]   Waldron also argues that Fruto admitted that the only area where Fruto seeks damages is a smaller portion of the cleared land. *Id*.  The Court cannot say as a matter of law, however, that Fruto did not suffer substantial damages when the specified area was cleared by Waldron.  Indeed, it is undisputed that the land was disturbed; the effects of the trenching and re-filling can be seen in the photographs submitted by Waldron himself.   Defendant Waldron's motion of summary judgment on Fruto's claim of timber trespass is therefore DENIED.

**V. CONCLUSION**

Defendant Dennis Waldron's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claim is GRANTED and that claim is DISMISSED. Defendant Waldron's Motion on Plaintiff's trespass and timber trespass claims is DENIED.

**IT IS SO ORDERED**.

DATED this 9th day of January, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE