THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSCAR FRUTO,

                Plaintiff,

        v.

GRAYS HARBOR PUBLIC UTILITY
DISTRICT NO. 1, a Washington Municipal
Corporation; DENNIS WALDRON, an
individual,

                Defendants.

Case No. C:07-05584 RBL

ORDER GRANTING DEFENDANT
GRAYS HARBOR'S MOTION FOR
SUMMARY JUDGMENT IN PART

## I. INTRODUCTION

This matter comes before the Court on Defendant Grays Harbor Public Utility District No. 1's Motion for summary judgment. [Dkt. # 28.] For the reasons explained below, Grays Harbor Public Utility District No. 1's ("PUD") Motion for Summary Judgment is GRANTED in part and DENIED in part.

## II. BACKGROUND

Plaintiff Oscar Fruto owns a parcel of undeveloped property in Grays Harbor, Washington. Defendant Dennis Waldron owns an adjacent parcel of land. A forest road used without an easement by Rayonier Timber Company runs through Fruto's property, near the boundary with Waldron's property. [Dkt. # 32.]

In summer 2005, Waldron proposed to run electrical lines through Fruto's land, but Fruto refused. [Dkt. # 32.] Fruto claims that while he was out of town in September, 2006, Waldron and Grays Harbor Public Utility District No. 1 (PUD) intentionally entered onto his property without permission and dug a

450-foot trench while simultaneously widening the forest road.[Complaint Dkt. # 1; Decl. of Killebrew Dkt. # 29 ¶ 2-3.] Defendants have submitted evidence that Waldron alone dug the trench. Fruto also claims that Defendants installed a new electrical utility box, electric pole, and electrical cables on his property with full knowledge of the property line. *Id*. Defendants claim that the entry, installation and digging on Fruto's property was accidental and that Fruto was offered the use of the installation. [Dkt. # 28.]

Fruto refused the offer. He claims the Defendants' actions removed 36 trees and hundreds of bushes from his property, widened the forest road, and left an unsightly mound where the trench was dug. [Complaint Dkt. # 1.] He claims $100,000.00 in damages. Fruto filed a Customer Damage Claim Form with the PUD, and PUD removed all of its electrical installations on September 28, 2006. *Id*. Defendants claim that Waldron then refilled the trench. [Decl. of Killebrew Dkt. # 29 ¶ 2-3.] Fruto claims that he did not authorize the removal of the electrical equipment and that non-party Grays Harbor County has since retaliated against him[1] for his complaint. [*Id*.; Dkt. # 16.]

On October 22, 2007 Fruto filed suit against Waldron and the PUD for trespass and 42 U.S.C. § 1983 civil rights violations resulting from an unlawful taking of his property. [Complaint Dkt. # 1.] PUD responds that the accidental installation and subsequent removal of electrical equipment cannot constitute a taking, and that Fruto suffered no actual damages as a matter of law. [Dkt. # 28.]

On February 11, 2008 the Plaintiff's attorney, Matthew Metz, was permitted to withdraw. [Dkt. # 15.] On March 14, 2008, Fruto wrote a letter to the Court stating that he would be pursuing the suit pro se. [Dkt. # 16.]

On October 20, 2008, PUD moved for summary judgment on Plaintiff's claims. It claims there is no basis for Plaintiff to recover under 42 U.S.C. § 1983, and that Plaintiff's takings claim is not ripe. [Dkt. # 28.] PUD also argues that Fruto cannot as a matter of law show any substantial damages resulting from the admitted trespass. *Id*. Fruto claims that PUD issued a permit allowing Defendant Waldron permanent use of Fruto's land, and that he suffered $100,000 in damages from the trespasses. [Dkt. # 32.]

Plaintiff sent his late response to PUD's Motion directly to PUD, but did not file it with the Court.

---

[1] The County itself is not a defendant, and these allegations do not support any cause of action in this case.

The Court ordered Fruto to file his response and evidence with the Court, and to show cause why his suit should not be dismissed for failure to respond to PUD's motion. [Order Dkt. # 31.] Fruto's response to PUD's Motion was then filed with the Court the same day that the Order was entered. [Dkt. # 32.] Fruto has not otherwise responded to the Court's Order. The Court will consider Fruto's response to PUD's Motion for Summary Judgment.

On December 2, 2008, Defendant Waldron filed his own Motion for Summary Judgment, also arguing that Fruto's takings claim in unripe and that there are no substantial damages from the trespasses. [Dkt. # 33.] Waldron's testimony contains evidence that PUD was responsible for setting the location of the trench. He also admits that a trespass occurred. [Decl. of Waldron Dkt. # 35.]

### III. STANDARD OF REVIEW

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party is entitled to summary judgment if, after satisfying its initial burden, the non-moving party fails to present specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable finder of fact could return a decision in the nonmoving party's favor. *Triton Energy*, 68 F.3d at 1220.

### IV. DISCUSSION

**1.      42 U.S.C. § 1983 Takings Claim**

Fruto claims that PUD unlawfully granted Defendant Waldron a permit for the permanent use of Fruto's land without paying compensation. [Complaint Dkt. #1; Dkt. # 32.] PUD argues that Fruto's takings claim is not ripe, and even if it were, he has no basis for recovery under 42 U.S.C. § 1983. [Dkt. #

30.]

The U.S. Supreme Court has stated that there are two requirements for ripeness of a takings claim: (1) that there has been a final decision by the state regarding the property at issue; and (2) the plaintiff has attempted to obtain just compensation for the property in state court. *See Eggleston v. Pierce County, Washington*, 99 F.Supp.2d 1280, 1282 (2000) (quoting *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985)). State remedies must therefore be exhausted before any attempt to obtain a remedy in federal court. *Id*.

Fruto has not availed himself of any state court remedies. Fruto's takings claim is therefore unripe. The Court does not need to examine any of PUD's further arguments on this claim, and its Motion on this basis is GRANTED. Plaintiff's 42 U.S.C. § 1983 takings claim against Defendant PUD is DISMISSED.

**2. Trespass and Timber Trespass**

Fruto claims that PUD and Waldron unlawfully entered onto his property, dug a 450 foot trench, and removed valuable trees and other vegetation, causing damages totaling $100,000. PUD argues that Fruto's trespass claims should be dismissed, because he cannot show any substantial damages as a matter of law. [Dkt. # 30.] PUD also argues that Waldron, not PUD, dug the trench on Fruto's property. *Id*.

Common law trespass occurs when a party wrongfully enters or interferes with the property of another. *Kitsap County v. Allstate Ins. Co.*, 136 Wash.2d 567, 586-89, 864 P.2d 1173 (1998). Under Washington's "timber trespass" statute, a party may not "cut down, girdle or otherwise injure, or carry off any tree, timber or shrub on the land of another person...without lawful authority." R.C.W. 64.12.030. To survive summary judgment on a claim of trespass a plaintiff must show that he has suffered "actual and substantial damages." *Bradley v. American Smelting & Refining Col.*, 104 Wn.2d 677, 692, 709 P.2d 782 (1985). A plaintiff may not recover nominal damages in an action for trespass. *Hedlund v. White*, 67 Wn. App. 409, n.3, 836 P.2d 250 (1992).

All parties agree that Defendants entered onto Fruto's property without permission. Defendants claim that Waldron, not PUD, was responsible for digging and refilling the trench on Fruto's land. [Decl. of Killebrew Dkt. # 29 ¶ 2-3.] Photographs and testimony submitted by Waldron support Defendants' position that the electrical utility box was not installed on Fruto's property. [Decl. of Waldron Dkt. # 35 Ex. 14.] PUD does not dispute, however, that it installed and then removed a power cable from Fruto's

property. *Id*. Furthermore, there is evidence supporting Fruto's position that PUD "marked the route" where Waldron was to dig the trench. [Decl. of Waldron Dkt. # 35.]

PUD claims that these actions caused only nominal damages to Fruto, but Fruto has submitted evidence that thirty-six trees and hundreds of bushes were removed from his property by the combined actions of the Defendants. [Dkt. # 32.] Even if Waldron is responsible for the majority of damage to the property, the Court cannot say as a matter of law that Fruto's property was not substantially damaged by PUD's admitted trespass. Defendant PUD's motion for summary judgment on Plaintiff's claims of trespass and timber trespass is therefore DENIED.

## V. CONCLUSION

Defendant Grays Harbor Public Utility District No. 1's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claim is GRANTED and that claim is DISMISSED. Defendant PUD's Motion for Summary Judgment on Plaintiff's trespass and timber trespass claims is DENIED.

**IT IS SO ORDERED**.

DATED this 9th day of January, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE