HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OSCAR FRUTO,<br><br>              Plaintiff,<br><br>    v.<br><br>GRAYS HARBOR PUBLIC UTILITY DISTRICT NO. 1, a Washington Municipal Corporation; DENNIS WALDRON, an Individual,<br><br>              Defendant. | Case No. C07-05584 RBL<br><br>ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION |

THIS MATTER having come before the Court on Defendants' motions to dismiss for lack of subject matter jurisdiction [Dkt. #38; 40]. For the reasons explained below, Defendants' motions are DENIED.

**I. Background**

Plaintiff Oscar Fruto owns a parcel of undeveloped property in Grays Harbor, Washington. Defendant Dennis Waldron owns an adjacent parcel of land. A forest road used without an easement by Rainier Timber Company runs through Fruto's property, near the boundary with Waldron's property [Dkt.

ORDER
Page - 1

#32]. In summer 2005, Waldron proposed to run electrical lines through Fruto's land, but Fruto refused [Dkt. #32]. Fruto claims that while he was out of town in September, 2006, Waldron and Defendant Grays Harbor Public Utility District No. 1, intentionally entered onto his property without permission and dug a 450-foot trench while simultaneously widening the forest road [Dkt. #1; Decl. of Killebrew Dkt. #29 ¶ 2-3]. Fruto also claims that Defendants installed a new electrical utility box, electric pole, and electrical cables on his property with full knowledge of the property line. *Id.* Defendants claim that the entry, installation and digging on Fruto's property was accidental and that Fruto was offered the use of the installation [Dkt. #28]. Fruto refused the offer. He claims the Defendants' actions removed 36 trees and hundreds of bushes from his property, widened the forest road, and left an unsightly mound where the trench was dug [Dkt. #1].

As a result of Defendants' actions, Plaintiff claims over $100,000.00 in damages to his property[1]. Defendants brought motions to dismiss Plaintiff's action for lack of subject matter jurisdiction [Dkt. #38; 40]. Specifically, they argue that subject matter jurisdiction is lacking because Plaintiff cannot meet the amount in controversy requirement of 28 U.S.C. § 1332.

## II. Discussion

28 U.S.C. § 1332 requires that for the United States District court to have jurisdiction over a claim based on diversity of citizenship, the amount in controversy must exceed $75,000.00[2]. In determining whether the amount in controversy requirement is satisfied, the Court must consider whether the sum of

---

[1] Plaintiff alleges $100,000.00 in physical damages to his property. This is Plaintiff's estimated cost to repair the property its original state and remedy the physical damage caused by Defendants' actions. Moreover, by claiming treble damages under RCW 64.12.030, as is required by the statute, Plaintiff alleges $300,000.00 in damages to his physical property alone. Additionally, Plaintiff claims $100,000.00 damages under his 42 U.S.C. § 1983 claim for constitutional and civil rights violations.

[2] The Court has already dismissed Plaintiff's 42 U.S.C. § 1983 claim thereby removing the only claim establishing federal question jurisdiction [Dkt. #36; 37]. Furthermore, the parties do not raise issues such as domiciliary status or other arguments why 28 U.S.C. § 1332 should not apply.

ORDER
Page - 2

damages claimed by the plaintiff would be greater than $75,000.00 and whether the plaintiff's claim is apparently made in good faith. *Lowdermilk v. U.S. Bank National Ass'n.*, 479 F.3d 994, 999 (9th Cir. 2007) (*citing St. Paul Mercury Indem. Co., v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). In making this determination the Court must consider whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." *St. Paul Mercury*, 303 U.S. at 289. Events subsequent to institution of the plaintiff's suit which reduce the amount in controversy below the statutory requirement do not effect the Court's jurisdiction. *Id.*

Defendants argue that Plaintiff has no admissible evidence to support his claim of damages in excess of $75,000.00 as required by 28 U.S.C. § 1332 [Dkt. #38; 40]. Defendant Waldron argues that because Plaintiff has failed to secure an expert opinion substantiating the amount of damages required, and because Plaintiff himself has no experience, education or training to do so, that Plaintiff cannot show the requisite damages under § 1332 [Dkt. #38].

Defendants' arguments do not apply the proper test. Plaintiff is not required to produce expert testimony before trial to establish the validity of his claims for purposes of jurisdiction. Nor is he required to establish himself as otherwise qualified to evaluate the damages. Rather, well established precedent requires that the Court consider the "face of the pleadings" in determining whether Plaintiff's claimed damages meet the statutory minimum amount within legal certainty. *St. Paul Mercury*, 303 U.S. at 289; *Lowdermilk*, 479 F.3d at 999.

Plaintiff's complaint satisfies the legal certainty test. In his complaint, Plaintiff alleges an aggregate of over $400,000.00 in damages from three separate claims[3] [Dkt. #1]. Plaintiff claims that

---

[3] Plaintiff originally asserted three claims: violation of his Civil Rights under 42 U.S.C. § 1983, unauthorized removal of trees under RCW 64.12.030, and common law trespass [Dkt. #1]. Plaintiff's § 1983 claim was dismissed by order of the Court at summary judgment [Dkt. #36,37].

$100,000.00 of those damages resulted from Defendants' concerted actions in destroying his property by removing certain vegetation which provided aesthetic as well as functional value. *Id*. Defendants previously argued that Plaintiff suffered only nominal damages; however, the Court rejected this argument, ruling that it could not be said as a matter of law that Fruto's property was not substantially damaged [Dkt. #36; 37].

Defendants note that Plaintiff's property was purchased for only $11,000.00 in 2004; however, this fact does not establish with legal certainty a lack of good faith in Plaintiff's claimed damages. Plaintiff alleges that 36 trees and hundreds of bushes were illegally removed from his property by the Defendants. A successful RCW 64.12.030 claim provides automatic treble damages for illegal removal of vegetation; therefore, Plaintiff's claimed damages to the physical property alone could well surpass $75,000.00. While Defendants ask that the Court focus on the purchase price paid for the property over four years ago, there are other factors which must be considered in evaluating whether Plaintiff's claim for over $75,000.000 damages was made in good faith. The Ninth Circuit has articulated similar defendants' burdens stating "where the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction." *Lowdermilk*, 479 at 999. Because Defendants have failed to offer evidence that Plaintiff's damages could not have exceeded $75,000.00 at the time his complaint was filed, and because they have offered no evidence showing that Plaintiff's complaint was offered in bad faith, Defendants' motions for dismissal for lack of subject matter jurisdiction is DENIED.

### III. Conclusion

Defendants have failed to prove with legal certainty that Plaintiff's claims were insufficient to satisfy the $75,000.00 amount in controversy requirement of 28 U.S.C. § 1332. Because Plaintiff's

complaint alleged sufficient facts and damages to satisfy § 1332, Defendants' motions to dismiss for lack of subject matter jurisdiction is hereby DENIED.

Dated this 12th day of February, 2009.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE